Filed 7/24/26  Mohamed M. v. D.V. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| MOHAMED M.,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>D.V.,<br><br>        Defendant and Respondent. | A172103<br><br>(San Mateo County<br>Super. Ct. No. 21-FAM-00245) |

Plaintiff Mohamed M. (father) appeals from the trial court's visitation order regarding his two children.  He also appeals from the denial of his motion for reconsideration of a prior order in which the court:  (1) ruled that sole legal and physical custody of the children was to remain with defendant D.V. (mother); (2) granted D.V.'s request for $64,511.20 in attorney fees against father stemming from a domestic violence restraining order (DVRO) and contempt matters; and (3) vacated a discovery sanction of $6,450 against mother after considering her inability to pay.  We find no error and affirm.

## I.  BACKGROUND

Father and mother were married from 2013 to 2022.  In late 2021, the parties filed competing DVRO requests and obtained temporary restraining orders (TROs) against each other.  Father thereafter filed an affidavit for contempt, alleging that mother willfully violated the TRO against her.  The

1

trial court held a consolidated bench trial on the DVRO requests and contempt matter in December 2023, found that mother met her burden of proving past abuse, and issued a DVRO against father. It denied father's request and found mother not guilty of contempt. The court awarded sole legal and physical custody of the children to mother and held that father failed to rebut the presumption against awarding custody to the perpetrator of domestic violence under Family Code section 3044, subdivision (a).[1] It further ordered that father surrender the children's passports to mother's attorney. Father appealed and we affirmed the lack of contempt finding and the custody award. (*D.V. v. Mohamed M.* (June 23, 2025, A169658) [nonpub. opn.].)

On February 26, 2024, the trial court heard father's request for an order (RFO) to modify custody and visitation and mother's motion for $64,511.20 in attorney fees and costs incurred in her DVRO request and contempt matters, and, on its own motion, reconsidered its prior $6,450 discovery sanction against mother. The court denied father's RFO and ordered that sole legal and physical custody of the children remain with mother. The court admonished father for not yet surrendering the children's passports and expressed "serious concerns regarding possible flight risk." Accordingly, it ordered supervised visitation of the children (three times a week) for father until the next review hearing. With respect to mother's request for attorney fees, the court questioned father, found his testimony regarding his finances not credible, and concluded that he could afford to pay attorney fees. It therefore granted mother's motion. Finally, the court reconsidered and vacated the discovery sanction against mother. The court

_____

[1] All further statutory references are to the Family Code unless otherwise specified.

explained that "at that time," it "did not consider [mother's] ability to pay those sanctions."[2]

Father filed another RFO asking the trial court to, among other things, reconsider its orders from the February 26, 2024 hearing. At the June 10 review hearing, the court construed this RFO "as a motion for reconsideration of [its] earlier orders relating to custody, visitation, and [the] restraining order" and denied it. Father asked if there was a chance the parties could "go back to 50/50 before the December trial." The court replied, "no because once there has been a finding of domestic violence, there's a . . . [section 3044] presumption that 50/50 is not . . . in the best interest of the children" and that father had not overcome this presumption. After father told the court that he has been unable to communicate with his children, the court explained, "there is a policy and an understanding that domestic violence . . . has a very negative impact upon the children" and that at the DVRO trial, mother "credibly testified" that father "punched her in the face," "strangled her," and "pulled hair out of her head." Father attempted to rebut this but the court told him that "[w]e're not going to relitigate it."

After confirming that the children's passports had been surrendered to mother's counsel and discussing the children's schedule, the trial court granted father unsupervised visits with the two children from 3:00 p.m. to 8:00 p.m. on Fridays and 10:00 a.m. to 6:00 p.m. on Saturdays, with non-school exchanges to occur at a local police department. Father asked but the court declined to extend these hours. Father timely appealed.

---

[2] At the hearing, mother's counsel represented that mother did not have the ability to pay the sanctions because she was not working and was "still in significant debt to her prior law firm." Father stated that he did not know whether mother had $6,450.

## II. <u>DISCUSSION</u>

As a threshold matter, we reject father's assertion that the trial court erred in finding that mother lacked the ability to pay sanctions. Although father elaborates on his inability to pay mother's attorney fees, he provides no argument or supporting legal authority that the court erred in vacating its sanctions award against mother. Father therefore waived any challenge to that portion of the court's order. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [when an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

We therefore turn to father's argument that the trial court erred in denying him custody or additional visitation. And we reject it.

A. <u>Custody</u>

Father contends that the trial court erred in denying him custody "[w]ithout stating its predicate or factual findings." We disagree.

"We review custody and visitation orders for an abuse of discretion, and apply the substantial evidence standard to the [trial] court's factual findings. [Citation.] A court abuses its discretion in making a child custody order if there is no reasonable basis on which it could conclude that its decision advanced the best interests of the child." (*In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1497.)

Section 3044, subdivision (a) provides that "[u]pon a finding by the [trial] court that a party seeking custody of a child has perpetrated domestic violence within the previous five years against the other party seeking custody of the child, . . . there is a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child

4

. . . . This presumption may only be rebutted by a preponderance of the evidence." To overcome this presumption, the court must find that "giving sole or joint physical or legal custody of a child to the perpetrator is in the best interest of the child." (§ 3044, subd. (b)(1).) Section 3044, subdivision (b)(2) then lists seven additional factors that the court may consider in determining whether the perpetrator has rebutted the presumption.

In explaining why sole custody would remain with mother, the trial court explained that the DVRO against father (issued six months earlier) created a presumption against granting joint or "50/50" custody. Although there were "certain circumstances under which that might be overcome," the court concluded that we are "certainly not there yet." The court continued that mother had credibly testified at the DVRO trial that father had "punched her in the face," "strangled her," and "pulled hair out of her head."

Despite this explanation by the trial court, father contends that the court *refused* to consider the additional factors identified by section 3044, subdivision (b). But he does not support this argument with any citations to the record. And to the extent father argues that the court failed to consider those additional factors, we do not presume error on a silent record. (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 67 (*Gorman*) ["In the absence of evidence to the contrary, we presume that the trial court considered the relevant factors"].)

Father next contends that the trial court did not "make written findings as requested under" section 3044, subdivision (b). But father did not ask for any written findings or "statement of reasons" and section 3044 does not require them. Father points to section 3044, subdivision (f), but that subdivision does not apply because the court found that father had *not* overcome the presumption. (§ 3044, subd. (f)(2) [written statement of reasons

5

only required "[i]f the court determines that the presumption in subdivision (a) has been overcome"].)

Accordingly, we affirm the trial court's denial of father's request for joint custody.

### B. Additional Visitation

Father also argues that the trial court erred in denying him additional visitation at the June 10, 2024 hearing. His arguments, however, are less than clear. In any event, we are not persuaded.

Father first contends that the trial court refused to consider "mandatory, relevant factors" and failed to provide a statement of reasons under section 3011, subdivision (a)(5)(A). Again, father provides no supporting record citations and we do not presume error on a silent record. (*Gorman*, *supra*, 178 Cal.App.4th at p. 67.) Moreover, section 3011, subdivision (a)(5)(A) is inapplicable because it provides that "[w]hen allegations about a parent [regarding abuse against the other parent] have been brought to the attention of the court . . . and the court makes an order for sole or joint custody or unsupervised visitation *to that parent*, the court shall state its reasons in writing or on the record that the order is in the best interest of the child and protects the safety of the parties and the child." (§ 3011, subd. (a)(5)(A).) Father is not challenging a grant of visitation; he is challenging the denial of additional visitation.

Father then argues that the trial court erred in denying him additional visitation under section 3044, subdivision (b). But section 3044, as father himself points out, does not apply to visitation orders. In any event, the court did not abuse its discretion in denying him additional visitation. After confirming that the children's passports had been surrendered as previously ordered six months ago, the court discussed the children's schedule and heard

6

from father.  It thereafter awarded unsupervised visitation for five hours on Fridays and eight hours on Saturdays.  It then denied father's request to extend these hours.  We see no error, and father has identified none.  (*S.Y. v. Superior Court* (2018) 29 Cal.App.5th 324, 333 ["Trial courts have great discretion in fashioning child . . . visitation orders"].)

C.  Attorney Fee Award

Father next contends that the trial court erred in finding that he had the ability to pay $64,511.20 in attorney fees to mother.  We disagree.

"If a [trial] court orders a party to pay attorney's fees" under the Family Code, it must "first determine that the party has or is *reasonably likely* to have the ability to pay."  (§ 270, italics added.)  An award of attorney fees is reviewed for abuse of discretion (*In re Marriage of Schleich* (2017) 8 Cal.App.5th 267, 276), and we defer to any credibility assessments made by the court to support its findings (*Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1172).

Here, father testified that he has a "Ph.D. . . . in electrical engineering" and has worked "on and off" for the past two years, including as a consultant. According to father, he made $5,000 to $10,000 per month a couple of years ago but was making far less now.  The trial court questioned father regarding his latest income and expense declaration, which stated that his income in the last month was zero and that his average monthly income was $255. When asked about his monthly expenses of $7,498, father responded that he was using his credit card and "diving into debt."  The court then asked father about some specific monthly expenses in his declaration, including $900 for eating out, $300 for clothes, and $200 for laundry and cleaning.  Father responded that these amounts are less now and that he "should have done [a] better job" updating the numbers in his declaration.  The court did not find

7

father's testimony credible and commented that "his manner while testifying regarding . . . his finances" did "not present as believable." It also found a number of "glaring inaccuracies on [his] income and expense declaration." The court therefore concluded that father had the ability to pay mother's attorney fees and ordered that he pay those fees in monthly installments of $2,687.97 over 24 months.

We must defer to the trial court's credibility determinations. (*Faton v. Ahmedo*, *supra*, 236 Cal.App.4th at p. 1172.) Accordingly, we find no error in its finding that father could afford to pay mother's attorney fees.

D. <u>Independent Review</u>

Finally, father makes an odd request that we conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Of course, *Wende* is generally limited to criminal appeals. (*In re Sade C.* (1996) 13 Cal.4th 952, 962, fn. 2.) But even if it did apply here, our obligation to conduct an independent review is only triggered when "*appointed* counsel submits a brief which raises *no specific issues* or describes the appeal as frivolous." (*Wende*, at p. 441, italics added.)

This is plainly not the case here as father hired private counsel who raises a variety of issues in his briefs. Accordingly, we decline to conduct an independent review pursuant to *Wende*. (*State Water Resources Control Bd. Cases* (2006) 136 Cal.App.4th 674, 836 [appealed judgment is presumed to be correct, and the appellant "bears the burden of overcoming that presumption"].)

## III. <u>DISPOSITION</u>

We affirm the trial court's June 10, 2024 order, including its denial of father's motion for reconsideration of the court's May 6 findings and order.

8

CHOU, J.

WE CONCUR.

JACKSON, P. J.
BURNS, J.

A172103/ *M.M. v. D.V.*